**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DANIEL EUGENE McCANTS, SR.** | § | |
| and | § | |
| **TRACY KNOX McCANTS,** | § | |
| | § | **Case No. 6:21-cv-00129-ADA-JCM** |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DOVENMUEHLE MORTGAGE, INC.,** | § | |
| and **VILLAGE CAPITAL &** | § | |
| **INVESTMENT LLC,** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO PLANTIFFS' SECOND AMENDED COMPLAINT

Defendants Dovenmuehle Mortgage, Inc. ("DMI") and Village Capital & Investment LLC ("VCI" and together with DMI as the "Defendants"), file this Original Answer to Plaintiffs' Second Amended Complaint (the "Complaint"), and respectfully show as follows:

### I.       ANSWER

1.       In response to paragraph 1, Defendants admit that Plaintiff Daniel McCants is a veteran.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

2.       Defendants admit the statements in paragraph 2.

3.       In response to paragraph 3, Defendants admit that Plaintiffs fell behind on their mortgage payments.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

4.        In response to paragraph 4, Defendants admit that Plaintiffs sought loss mitigation and that DMI informed them of information missing from the application.  Defendants deny that

Plaintiffs submitted a complete application.  Defendants deny the remaining statements in this paragraph.

5.      In response to paragraph 5, Defendants admit that the loan was referred to foreclosure.  Defendants deny the remaining statements in this paragraph.

6.      In response to paragraph 6, Defendants admit that the loan was referred to foreclosure and that Defendants pursued foreclosure due to the default on the subject mortgage loan and when not precluded by the automatic stay.  Defendants are without sufficient information to admit or deny the statements about Mr. McCants' health and employment.   Defendants are without sufficient information to admit or deny the statements about bankruptcy fees, bankruptcy commissions and veterans' benefits.   Defendants deny the remaining statements in this paragraph.

7.      In response to paragraph 7, Defendants deny that Plaintiffs have asserted a claim under the DFA or the referenced regulations.

8.       In response to paragraph 8, Defendants deny that Plaintiffs have asserted a claim under Regulation X.

9.      In response to paragraph 8, Defendants deny that Plaintiffs have asserted a claim under RESPA.

10.     Defendants admit the statements in paragraph 10.

11.     Defendants deny the statements in paragraph 11.

12.     DMI admits the statements in paragraph 12.

13.     In response to paragraph 13, Defendants deny that Plaintiffs have asserted a claim under the legal provisions cited.

14.     In response to paragraph 14, Defendants deny that they engaged in any bad acts and they deny that they knew what Plaintiffs wanted for a settlement.

15.     In response to paragraph 15, Defendants admit that Plaintiffs submitted loss mitigation applications.  Defendants deny the remaining statements in this paragraph.

16.     In response to paragraph 16, Defendants admit that Plaintiffs did not submit a complete loss mitigation application. Defendants deny the remaining statements in this paragraph.

17.     In response to paragraph 17, Defendants admit that Plaintiffs were approved for a loan modification on or about December 8, 2021 and that this modification has been implemented. The referenced document speaks for itself.  Defendants deny the remaining statements in this paragraph.

18.     In response to paragraph 18, Defendants admit that they agreed to sign the loan modification agreement and have it recorded.  Defendants are without sufficient information to admit or deny the statements about Plaintiffs' reasons for dismissing their bankruptcy case. Defendants deny the remaining statements in this paragraph.

19.     In response to paragraph 19, Defendants admit that they countersigned the loan modification agreement and that the date of the loan modification agreement was after the transfer of the loan. Defendants deny the remaining statements in this paragraph.

20.     Defendants deny the statements in paragraph 20.

21.     Defendants deny the statements in paragraph 21.

22.     Defendants deny the statements in paragraph 22.

23.     In response to paragraph 23, Defendants deny that Plaintiffs have asserted a claim under the legal provisions cited.

24.     Defendants admit the statements in paragraph 24.

25.     In response to paragraph 25, Defendants admit that venue is proper in this Court. Defendants deny the remaining statements in this paragraph.

26.     Defendants admit the statements in paragraph 26.

27.     Defendants admit the statements in paragraph 27.

28.     Defendants admit the statements in paragraph 28.

29.     Defendants admit the statements in paragraph 29.

30.     In response to paragraph 30, Defendants admit that they refinanced the loan with VCI.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

31.     Defendants admit the statements in paragraph 31.

32.     Defendants admit the statements in paragraph 32.

33.     Defendants admit the statements in paragraph 33 that DMI has serviced the loan.

34.     In response to paragraph 34, Defendants admit that Plaintiff Daniel McCants is a veteran.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

35.     Defendants are without sufficient information to admit or deny the statements in this paragraph 35.

36.     Defendants are without sufficient information to admit or deny the statements in this paragraph 36.

37.     Defendants are without sufficient information to admit or deny the statements in this paragraph 37.

38.     Defendants are without sufficient information to admit or deny the statements in this paragraph 38.

39.     In response to paragraph 39, Defendants admit that Plaintiffs fell behind on their mortgage payments.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

40.     Defendants deny the statements in paragraph 40.

41.     Defendants deny the statements in paragraph 41.

42.     In response to paragraph 42, Defendants admit that the forms are from DMI. Defendants deny the remaining statements in this paragraph.

43.     Defendants are without sufficient information to admit or deny the statements in this paragraph 43.

44.     Defendants deny the statements in paragraph 44.

45.     Defendants admit the statements in paragraph 45.

46.     Defendants admit the statements in paragraph 46.

47.     In response to paragraph 47, the document speaks for itself.

48.     Defendants admit the statements in paragraph 48.

49.     In response to paragraph 49, Defendants admit that the referenced copy is correct. The document speaks for itself.

50.     In response to paragraph 50, Defendants admit that the document was sent by regular mail.  Defendants deny the remaining statements in this paragraph.

51.     In response to paragraph 51, the document speaks for itself.

52.     Defendants admit the statements in paragraph 52.

53.     Defendants admit the statements in paragraph 53.

54.     In response to paragraph 54, the document speaks for itself.

55.     Defendants deny the statements in paragraph 55.

56.     Defendants admit the statements in paragraph 56.

57.     Defendants are without sufficient information to admit or deny the statements in this paragraph 57.

58.     Defendants deny the statements in paragraph 58.

59.     In response to paragraph 59, Defendants are without sufficient information to admit or deny the statements about when they became aware of the March 20, 2019 letter. Defendants deny the remaining statements in this paragraph.

60.     Defendants admit the statements in paragraph 60.

61.     In response to paragraph 61, the referenced documents speak for themselves.

62.     In response to paragraph 62, Defendants admit that additional documents were provided but deny that the application was ever complete.

63.     Defendants admit the statements in paragraph 63.

64.     Defendants deny the statements in paragraph 64.

65.     Defendants deny the statements in paragraph 65.

66.     Defendants deny the statements in paragraph 66.

67.     In response to paragraph 67, the referenced documents speak for themselves. Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

68.     In response to paragraph 68, Defendants admit that the reference paralegal spoke to DMI at least twice.  Defendants deny the remaining statements in this paragraph.

69.     Defendants are without sufficient information to admit or deny the statements in this paragraph 69.

70.     Defendants admit the statements in paragraph 70.

71.     In response to paragraph 71, the referenced document speaks for itself.  Defendants deny that a complete application was submitted.

72.     Defendants admit the statements in paragraph 72.

73.     In response to paragraph 73, the referenced documents speak for themselves. Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

74.     Defendants deny the statements in paragraph 74.

75.     In response to paragraph 68, Defendants admit that foreclosure was pursued. Defendants deny the remaining statements in this paragraph.

76.     Defendants admit the statements in paragraph 76.

77.     In response to paragraph 77, Defendants admit that the application was denied. Defendants deny the remaining statements in this paragraph.

78.     Defendants admit the statements in paragraph 78.

79.     Defendants deny the statements in paragraph 79.

80.     In response to paragraph 80, the referenced documents speak for themselves. Defendants deny the remaining statements in this paragraph.

81.     In response to paragraph 81, the referenced documents speak for themselves. Defendants deny that a complete application was submitted.  Defendants deny the remaining statements in this paragraph.

82.     In response to paragraph 80, the referenced documents speak for themselves. Defendants deny that a complete application was submitted.  Defendants deny the remaining statements in this paragraph.

83.     Defendants deny the statements in paragraph 83.

84.     In response to paragraph 84, Defendants admit the referenced letter was sent. Defendants deny any error occurred.

85.     Defendants admit the statements in paragraph 85.

86.     In response to paragraph 86, Defendants admit to acknowledging the letter. Defendants deny the remaining statements in this paragraph.

87.     Defendants admit the statements in paragraph 87.

88.     In response to paragraph 88, the referenced document speaks for itself.

89.     Defendants admit the statements in paragraph 89.

90.     Defendants admit the statements in paragraph 90.

91.     Defendants admit the statements in paragraph 91.

92.     Defendants admit the statements in paragraph 92.

93.     In response to paragraph 93, the referenced document speaks for itself.

94.     In response to paragraph 95, the referenced document speaks for itself.

95.     Defendants admit the statements in paragraph 95.

96.     In response to paragraph 96, the referenced document speaks for itself.  Defendants deny the claims of misconduct in this paragraph.

97.     Defendants admit the statements in paragraph 97.

98.     Defendants admit the statements in paragraph 98.

99.     In response to paragraph 99, the referenced document speaks for itself.

100.    In response to paragraph 100, the referenced document speaks for itself.

101.    Defendants admit the statements in paragraph 101.

102.    In response to paragraph 102, the referenced document speaks for itself.

103.    In response to paragraph 103, the referenced document speaks for itself.

104.    Defendants admit the statements in paragraph 104.

105.    In response to paragraph 105, the referenced document speaks for itself.

106.    Defendants admit the statements in paragraph 106.

107.    Defendants deny the statements in paragraph 107.

108.    In response to paragraph 108, Defendants admit that additional documents were provided but deny that the application was ever complete.

109.    In response to paragraph 109, the referenced document speaks for itself. Defendants admit that the McCants did not timely provide the required information.

110.    In response to paragraph 110, the referenced document speaks for itself. Defendants deny that the referenced letter was deficient.

111.    Defendants admit the statements in paragraph 111.

112.    In response to paragraph 112, the referenced document speaks for itself.

113.    Defendants admit the statements in paragraph 113.

114.    In response to paragraph 114, the referenced document speaks for itself.

115.    In response to paragraph 115, the referenced documents speak for themselves. Defendants deny that a complete application was submitted.  Defendants deny the remaining statements in this paragraph.

116.    Defendants admit the statements in paragraph 116.

117.    In response to paragraph 117, the referenced document speaks for itself.

118.    Defendants admit the statements in paragraph 118.

119.    In response to paragraph 119, the referenced document speaks for itself.

120.    Defendants deny the statements in paragraph 120.

121.    In response to paragraph 121, the referenced document speaks for itself.

122.    In response to paragraph 122, the referenced document speaks for itself. Defendants admit that the McCants did not timely provide the required information. Defendants deny any malfeasance as alleged in this paragraph.

123.    In response to paragraph 123, the referenced document speaks for itself.

124.    Defendants admit the statements in paragraph 124.

125.    In response to paragraph 125, the referenced document speaks for itself. Defendants deny that Mr. Portman apologized for any error by Defendants.  He was apologizing for Plaintiffs' misunderstanding of the information provided to them even though this information was clear.  Defendants admit that Plaintiffs' application was incomplete as stated by Mr. Portman.

126.    Defendants admit the statements in paragraph 126.

127.    Defendants admit the statements in paragraph 127.

128.    Defendants are without sufficient information to admit or deny the statements in this paragraph 128.

129.    In response to paragraph 129, the referenced document speaks for itself.

130.    Defendants admit the statements in paragraph 130.

131.    In response to paragraph 130, the referenced document speaks for itself. Defendants' deny Plaintiffs' characterization of the letter.

132.    Defendants admit the statements in paragraph 132.

133.    Defendants admit the statements in paragraph 133.

134.    Defendants admit the statements in paragraph 134.

135.    In response to paragraph 135, Defendants deny that Mr. McCants previously qualified for a loan modification.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

136.    Defendants deny the statements in paragraph 136 that Mr. McCants should have been previously approved for a loan modification.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

137.    In response to paragraph 137, Defendants admit that Plaintiff Daniel McCants is a veteran.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

138.    Defendants are without sufficient information to admit or deny the statements in this paragraph 138.

139.    Defendants deny the statements in paragraph 139.

140.    Defendants deny the statements in paragraph 140.

141.    Defendants deny the statements in paragraph 141.

142.    Defendants deny the statements in paragraph 142.

143.    Defendants deny the statements in paragraph 143.

144.    Defendants deny the statements in paragraph 144.

145.    In response to paragraph 145, the referenced document speaks for itself.

146.    Defendants admit the statements in paragraph 146.

147.    In response to paragraph 147, the referenced document speaks for itself.

148.    Defendants admit the statements in paragraph 148.

149.    In response to paragraph 149, the referenced document speaks for itself.

150.    Defendants admit the statements in paragraph 150.

151.    Defendants admit the statements in paragraph 151.

152.    In response to paragraph 152, the referenced document speaks for itself.

153.    Defendants admit the statements in paragraph 153.

154.    In response to paragraph 154, the referenced document speaks for itself.

155.    In response to paragraph 155, the referenced document speaks for itself.

156.    Defendants deny the statements in paragraph 156.

157.    In response to paragraph 157, the referenced document speaks for itself.

158.    Defendants admit the statements in paragraph 158.

159.    Defendants are without sufficient information to admit or deny the statements in this paragraph 159.

160.    In response to paragraph 160, the referenced document speaks for itself.

161.    Defendants admit the statements in paragraph 161.

162.    In response to paragraph 162, the referenced document speaks for itself.

163.    In response to paragraph 163, the referenced document speaks for itself.

164.    Defendants admit the statements in paragraph 164.

165.    In response to paragraph 165, the referenced document speaks for itself.

166.    Defendants admit the statements in paragraph 166.

167.    Defendants are without sufficient information to admit or deny the statements in this paragraph 167.

168.    Defendants are without sufficient information to admit or deny the statements in this paragraph 168.

169.    In response to paragraph 169, the referenced document speaks for itself.

170.    Defendants admit the statements in paragraph 170.

171.     In response to paragraph 171, the referenced document speaks for itself.

172.     Defendants deny the statements in paragraph 172.

173.     Defendants deny the statements in paragraph 173.

174.     Defendants deny the statements in paragraph 174.

175.     Defendants deny the statements in paragraph 175.

176.     Defendants are without sufficient information to admit or deny the statements in this paragraph 176.

177.     Defendants deny the statements in paragraph 177.

178.     Defendants are without sufficient information to admit or deny the statements in this paragraph 178.

179.     Defendants are without sufficient information to admit or deny the statements in this paragraph 179.

180.     Defendants deny the statements in paragraph 180.

181.     Defendants deny the statements in paragraph 181.

182.     Defendants deny the statements in paragraph 182.

183.     Defendants deny the statements in paragraph 183.

184.     Defendants are without sufficient information to admit or deny the statements in this paragraph 184.

185.     In response to paragraph 185, Defendants admit that Plaintiff Daniel McCants is a veteran.  Defendants deny the allegations of malfeasance against them in this paragraph.

186.     Defendants deny the statements in paragraph 186.

187.     Defendants admit the statements in paragraph 187.

188.     In response to paragraph 188, the referenced document speaks for itself.

189.    Defendants deny the statements in paragraph 189.

190.    In response to paragraph 190, Defendants admit that Plaintiffs submitted a loan modification application and that the referenced document is a correct copy. Defendants deny the remaining allegations in this paragraph.

191.    In response to paragraph 191, the referenced document speaks for itself. Defendants deny the remaining allegations in this paragraph.

192.    Defendants admit the statements in paragraph 192.

193.    In response to paragraph 193, the referenced document speaks for itself.

194.    Defendants deny the statements in paragraph 194.

195.    Defendants admit the statements in paragraph 195.

196.    Defendants deny the statements in paragraph 196.

197.    In response to paragraph 193, the referenced document speaks for itself. Defendants deny any undue delay.

198.    Defendants admit the statements in paragraph 198.

199.    In response to paragraph 199, the referenced document speaks for itself.

200.    In response to paragraph 203, the referenced document speaks for itself.

201.    Defendants admit the statements in paragraph 201.

202.    In response to paragraph 202, the referenced document speaks for itself. Defendants deny that a complete application had been submitted.

203.    Defendants admit the statements in paragraph 203.

204.    In response to paragraph 204, the referenced documents speak for themselves.

205.     Defendants deny the statements in paragraph 205 that suggest Plaintiffs submitted a complete loan modification application.   Defendants admit that Plaintiffs were told of the deficiencies in the application.  Defendants deny the remaining statements in this paragraph.

206.     In response to paragraph 206, the referenced documents speak for themselves. Defendants admit that the application was properly denied.

207.     Defendants admit the statements in paragraph 207.

208.     In response to paragraph 208, Defendants admit that an application was submitted. Defendants deny the remaining allegations in this paragraph.

209.     Defendants admit the statements in paragraph 209.

210.     Defendants deny the statements in paragraph 210.

211.     Defendants admit the statements in paragraph 211.

212.     In response to paragraph 212, the referenced document speaks for itself.

213.     Defendants admit the statements in paragraph 213.

214.     In response to paragraph 214, the referenced document speaks for itself.

215.     In response to paragraph 215, the referenced document speaks for itself.

216.     Defendants admit the statements in paragraph 216.

217.     In response to paragraph 217, the referenced document speaks for itself.

218.     Defendants deny the statements in paragraph 218.

219.     Defendants deny the statements in paragraph 219.

220.     Defendants deny the statements in paragraph 220.

221.     Defendants deny the statements in paragraph 221.

222.    In response to paragraph 222, Defendants admit that Plaintiffs applied for a loan modification.   Defendants admit that the loan balance is reamortized in a loan modification. Defendants deny the remaining statements in this paragraph.

223.    Defendants deny the statements in paragraph 223.

224.    In response to paragraph 224, Defendants admit that Plaintiffs had filed a lawsuit against them.  Defendants deny the remaining statements in this paragraph.

225.    Paragraph 225 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

226.    Defendants deny the statements in paragraph 226.

227.    In response to paragraph 227, the referenced document speaks for itself.

228.    Defendants admit the statements in paragraph 228.

229.    In response to paragraph 227, Defendants admit that mediation was attempted. Defendants deny the remaining statements in this paragraph.

230.    Defendants deny the statements in paragraph 230.

231.    Defendants deny the statements in paragraph 231.

232.    In response to paragraph 232, the referenced document speaks for itself.

233.    Defendants admit the statements in paragraph 233.

234.    In response to paragraph 234, Defendants admit that mediation was attempted. Defendants deny the remaining statements in this paragraph.

235.    Defendants admit the statements in paragraph 235.

236.    In response to paragraph 236, the referenced document speaks for itself.

237.    Defendants admit the statements in paragraph 237.

238.    In response to paragraph 238, the referenced document speaks for itself. Defendants deny that Plaintiffs state a claim for a RESPA violation in this paragraph.

239.    In response to paragraph 239, Defendants state that Plaintiffs did not submit a complete loan modification application and that such was properly considered under RESPA even if the response that provided was shortly after the deadline in RESPA.  Defendants deny the remaining statements in this paragraph.

240.    In response to paragraph 240, Plaintiffs misunderstand Defendants' policy that DMI representative generally do not communicate directly with borrowers or their counsel while litigation is pending.  Defendants deny the remaining statements in this paragraph.

241.    In response to paragraph 240, the referenced document speaks for itself.

242.    Defendants admit the statements in paragraph 242.

243.    Defendants admit the statements in paragraph 243 but state that Plaintiffs did not submit a complete loan modification application in 2019.

244.    In response to paragraph 244, the referenced document speaks for itself.

245.    In response to paragraph 245, the referenced document speaks for itself.

246.    In response to paragraph 246, the referenced document speaks for itself.

247.    In response to paragraph 247, the referenced document speaks for itself.

248.    Defendants are without sufficient information to admit or deny the statements in this paragraph 248.

249.    Defendants admit the statements in paragraph 249.

250.    Defendants deny the statements in paragraph 250.

251.    In response to paragraph 251, the referenced document speaks for itself.

252.    Defendants admit the statements in paragraph 252.

253.    Defendants admit the statements in paragraph 253.

254.    Defendants admit the statements in paragraph 254.

255.    In response to paragraph 255, Defendants admit that Plaintiffs were approved for a loan modification and that an agreement for same was executed.  Defendants are without sufficient information to admit or deny the remaining statements in this paragraph.

256.    Defendants admit the statements in paragraph 256.

257.    Defendants are without sufficient information to admit or deny the statements in this paragraph 257.

258.    Defendants admit the statements in paragraph 258.

259.    In response to paragraph 259, the referenced document speaks for itself. Defendants further respond that they had authority to offer the subject loan modification agreement to Plaintiffs and that the new lender and servicer are in agreement with it.

260.    In response to paragraph 260, Defendants respond that they had authority to offer the subject loan modification agreement to Plaintiffs and that the new lender and servicer are in agreement with it.  Defendants deny the remaining statements in this paragraph.

261.    Defendants admit the statements in paragraph 261.

262.    Defendants deny the statements in paragraph 262.

263.    Defendants deny the statements in paragraph 263.

264.    Defendants deny the statements in paragraph 264.

265.    Defendants deny the statements in paragraph 265.

266.    The foregoing paragraphs are incorporated by reference.

267.    Paragraph 267 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

268.     Paragraph 268 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

269.     Paragraph 269 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

270.     Defendants deny the statements in paragraph 270.

271.     Defendants deny the statements in paragraph 271.

272.     In response to paragraph 272, Plaintiffs did not submit a complete loan modification application.

273.     Defendants deny the statements in paragraph 273.

274.     Defendants deny the statements in paragraph 274.

275.     Defendants deny the statements in paragraph 275.

276.     Defendants deny the statements in paragraph 276.

277.     Defendants deny the statements in paragraph 277.

278.     Defendants deny the statements in paragraph 278.

279.     In response to paragraph 279, Plaintiffs did not submit a complete loan modification application.

280.     Defendants deny the statements in paragraph 280.

281.     In response to paragraph 281, Defendants state that Plaintiffs did not submit a complete loan modification application and that such was properly considered under RESPA even if the response that provided was shortly after the deadline in RESPA.  Defendants deny the remaining statements in this paragraph.

282.     Defendants deny the statements in paragraph 282.

283.     Defendants deny the statements in paragraph 283.

284.    Defendants deny the statements in paragraph 284.

285.    Defendants deny the statements in paragraph 285.

286.    Defendants deny the statements in paragraph 286 that a RESPA violation occurred.

287.    Defendants deny the statements in paragraph 287 that a RESPA violation occurred and deny the remaining statements in this paragraph.

288.    Defendants deny the statements in paragraph 288.

289.    Defendants deny the statements in paragraph 289.

290.    The foregoing paragraphs are incorporated by reference.

291.    Paragraph 291 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

292.    Paragraph 292 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

293.    Defendants deny the statements in paragraph 293.

294.    Defendants deny the statements in paragraph 294.

295.    Defendants deny the statements in paragraph 295.

296.    In response to paragraph 296, Defendants respond that they had authority to offer the subject loan modification agreement to Plaintiffs and that the new lender and servicer are in agreement with it.  Defendants deny the remaining statements in this paragraph.

297.    In response to paragraph 297, Defendants respond that they had authority to offer the subject loan modification agreement to Plaintiffs and that the new lender and servicer are in agreement with it.  Defendants deny the remaining statements in this paragraph.

298.    In response to paragraph 298, Defendants respond that they had authority to offer the subject loan modification agreement to Plaintiffs and that the new lender and servicer are in agreement with it.  Defendants deny the remaining statements in this paragraph.

299.    Defendants deny the statements in paragraph 299.

300.    Defendants deny the statements in paragraph 300.

301.    Defendants deny the statements in paragraph 301.

302.    The foregoing paragraphs are incorporated by reference.

303.    Paragraph 303 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

304.    Paragraph 304 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

305.    Defendants admit the statements in paragraph 305.

306.    Defendants admit the statements in paragraph 306.

307.    Paragraph 307 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

308.    Defendants deny the statements in paragraph 308.  Defendants did not violate these referenced provisions of law.

309.    Paragraph 309 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

310.    Defendants deny the statements in paragraph 310.

311.    In response to paragraph 311, the referenced document speaks for itself.

312.    In response to paragraph 312, the referenced document speaks for itself. Defendants deny the allegations that their response was inadequate.

313.     Defendants deny the statements in paragraph 313.

314.     In response to paragraph 314, Defendants admit that they proceeded with foreclosure as Plaintiffs did not submit a complete loan modification application.  Defendants deny the remaining statements in this paragraph.

315.     Defendants deny the statements in paragraph 315.

316.     Defendants deny the statements in paragraph 316.

317.     Defendants deny the statements in paragraph 317.

318.     Defendants deny the statements in paragraph 318.

319.     Defendants deny the statements in paragraph 319.

320.     Defendants deny the statements in paragraph 320.

321.     Defendants deny the statements in paragraph 321.

322.     Defendants deny the statements in paragraph 322.

323.     In response to paragraph 323, the referenced document speaks for itself. Defendants deny the allegations that their response was inadequate.

324.     In response to paragraph 324, the referenced document speaks for itself.

325.     In response to paragraph 325, the referenced document speaks for itself. Defendants deny the allegations that their response was inadequate.

326.     Defendants deny the statements in paragraph 326.

327.     Defendants deny the statements in paragraph 327.

328.     Defendants deny the statements in paragraph 328.

329.     Defendants deny the statements in paragraph 329.

330.     Defendants deny the statements in paragraph 330.

331.     Defendants deny the statements in paragraph 331.

332.     Defendants deny the statements in paragraph 332.

333.     Defendants deny the statements in paragraph 333.

334.     In response to paragraph 334, the referenced document speaks for itself.

335.     Defendants deny the statements in paragraph 335.

336.     Defendants deny the statements in paragraph 336.

337.     Defendants deny the statements in paragraph 337.

338.     Defendants deny the statements in paragraph 338.

339.     Defendants deny the statements in paragraph 339

340.     Defendants deny the statements in paragraph 340.

341.     Defendants deny the statements in paragraph 341.

342.     Defendants deny the statements in paragraph 342.

343.     Defendants deny the statements in paragraph 343

344.     Defendants deny the statements in paragraph 344.

345.     Defendants deny the statements in paragraph 345.

346.     Defendants deny the statements in paragraph 346.

347.     Defendants deny the statements in paragraph 347.

348.     The foregoing paragraphs are incorporated by reference.

349.     Paragraph 349 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

350.     Paragraph 350 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

351.    In response to paragraph 351, Defendants respond that they had authority to offer the subject loan modification agreement to Plaintiffs and that the new lender and servicer are in agreement with it.  Defendants deny the remaining statements in this paragraph.

352.    Paragraph 352 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

353.    Defendants deny the statements in paragraph 353.

354.    Defendants deny the statements in paragraph 354.

355.    Paragraph 355 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

356.    Paragraph 356 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

357.    Defendants deny the statements in paragraph 357.

358.    Defendants deny the statements in paragraph 358.

359.    Defendants deny the statements in paragraph 359.

360.    The foregoing paragraphs are incorporated by reference.

361.    Defendants deny the statements in paragraph 361.

362.    Paragraph 362 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

363.    Paragraph 363 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

364.    In response to paragraph 364, Defendants respond that they had authority to offer the subject loan modification agreement to Plaintiffs and that the new lender and servicer are in agreement with it.  Defendants deny the remaining statements in this paragraph.

365.     Paragraph 365 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

366.     Paragraph 366 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

367.     Defendants deny the statements in paragraph 367.

368.     Defendants deny the statements in paragraph 368.

369.     Defendants deny the statements in paragraph 369.

370.     The foregoing paragraphs are incorporated by reference.

371.     Paragraph 371 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

372.     Paragraph 372 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

373.     Paragraph 373 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

374.     In response to paragraph 374, Defendants respond that they had authority to offer the subject loan modification agreement to Plaintiffs and that the new lender and servicer are in agreement with it.  Defendants deny the remaining statements in this paragraph.

375.     Defendants deny the statements in paragraph 375.

376.     Defendants deny the statements in paragraph 376.

377.     The foregoing paragraphs are incorporated by reference.

378.     Defendants deny the statements in paragraph 378.

379.     Defendants deny the statements in paragraph 379.

380.    Paragraph 380 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

381.    Paragraph 381 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

382.    Paragraph 382 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

383.    Paragraph 383 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

384.    Paragraph 384 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

385.    Paragraph 385 contains statements of law for which no response is required. Defendants otherwise deny the statements in this paragraph.

386.    Defendants deny the statements in paragraph 386.

387.    The foregoing paragraphs are incorporated by reference.

388.    Defendants deny the statements in paragraph 388.

389.    Defendants deny the statements in paragraph 389.

390.    Defendants deny the statements in paragraph 390.

391.    Paragraph 391 is a jury demand for which no response is required.

392.    Defendants deny the statements in the Prayer.

## II.        DEFENSES

Defendants assert the following affirmative defenses:

1.    Defendants deny that all conditions precedent to a right of recovery have been satisfied.

2.      Plaintiffs' claims are barred by the applicable statutes of limitations.

3.      Plaintiffs failed to mitigate their alleged damages.

4.      Any and all claims alleged in the Second Amended Complaint are barred, in whole or in part, to the extent they seek an improper punitive or multiple damages award for an alleged single wrong because such an award would violate Defendants' rights guaranteed by the United States Constitution, including, without limitation, the Due Process and Equal Protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

5.      Plaintiffs are not entitled to punitive or multiple damages, and any and all excessive amounts of such damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution, all of which set limits on the award of punitive damages.  Defendants hereby invoke the caps on damages as provided in Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution.

6.      Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiffs, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiffs' damages, if any. Defendants assert their right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and request that the fact finder apportion responsibility as provided in Chapter 33.

7.      Defendants claim all offsets and credits available to them.

8.      Defendants are not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of it; pleading further, and in the alternative, Defendants

are not liable for the acts, omissions, or conduct of its agents who exceeded the scope of its authority.

9.      Defendants' actions and omissions were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs, and constitute lawful, proper and justified means to further the business purposes of Defendants.  Any purported conduct of individuals who were or are agents of Defendants were privileged, and those individuals were and are justified in engaging in the conduct attributed to them. Defendants plead all statutory and common law privileges that may apply to their conduct and those of their agents.

10.      Any allegedly wrongful acts or omissions of Defendants, if and to the extent such acts and omissions occurred, were legally excused or justified.

11.      Any alleged wrongful acts or omissions of Defendants, if and to the extent such acts or omissions occurred, were not intentional and resulted from a bona fide error.

12.      At all relevant times, Defendants maintained and followed reasonable procedures to avoid violations of RESPA.

13.      Plaintiffs have failed to state a claim upon which relief may be granted.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that Plaintiffs take nothing on their claims; Defendants recover their attorneys' fees and costs against Plaintiffs; and the Court award such other and further relief to which Defendants may be justly entitled at law or in equity.

Respectfully submitted,

By:      /s/ Mark D. Cronenwett
       **MARK D. CRONENWETT**
       Texas Bar No. 00787303
       mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 5, 2022, a true and correct copy of the foregoing document was delivered via ECF Notification to the following:

Erin B. Shank, Esq.
erinbakershank@aol.com
Erin B. Shank P.C.
1902 Austin Avenue
Waco, Texas 76701
*Counsel for Plaintiffs*

Claude Dabney Smith, Esq.
claude@kblawtx.com
Karen L. Kellett, Esq.
karen@kblawtx.com
Kellett & Bartholow PLLC
11300 N. Central Expressway, Suite 301
Dallas, TX 75243
*Counsel for Plaintiffs*

       /s/ Mark D. Cronenwett
       **MARK D. CRONENWETT**