UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DANIEL EUGENE MCCANTS SR.,** <br> **TRACY KNOX MCCANTS,** | § <br> § <br> § | |
| **Plaintiffs,** | § <br> § <br> § | **CIVIL NO. W-21-CV-00129-DTG** |
| **v.** | § <br> § | |
| **DOVENMUEHLE MORTGAGE, INC.,** <br> **VILLAGE CAPITAL & INVESTMENT** <br> **LLC,** | § <br> § <br> § <br> § | |
| **Defendants.** | § | |

## ORDER DENYING MOTION TO STRIKE

Before the Court is plaintiffs Daniel Eugene McCants Sr. and Tracy Knox McCants' (collectively, "the McCants") opposed Motion to Strike Defendants' Dispositive Motions. ECF No. 116. Defendants Dovenmuehle Mortgage, Inc. and Village Capital & Investment LLC (collectively, "Dovenmuehle") oppose, ECF No. 119, and the McCants reply, ECF No. 120. The McCants seek to strike Dovenmuehle's Second Motion for Partial Summary Judgment ("Second MSJ"), ECF No. 115, and Motion to Dismiss for Lack of Standing ("Standing MTD"), ECF No. 107. After a careful consideration of the parties' briefing, the applicable law, and the relevant facts, the Court **DENIES** the motion for the reasons stated below.

A short overview of the relevant filings in this matter is in order. On April 13, 2023, this Court entered a Scheduling Order. ECF No. 92. The Scheduling Order limited dispositive motions to twenty-five pages but placed no limits on the number of dispositive motions per side. *Id.* Dovenmuehle moved for and obtained leave to file a thirty-nine page long first Motion for Partial Summary Judgment, which is not at issue. ECF Nos. 97, 98. On June 29, 2023, Dovenmuehle moved for leave to file a forty-two-page Second Motion for Partial Summary Judgment. ECF No.

103. Dovenmuehle also filed a twenty-page Motion to Dismiss for Lack of Standing. ECF No. 107. Later that same day, Dovenmuehle filed the Second MSJ before the Court could rule on the motion for leave. ECF No. 104. The motion for leave was granted the next day, and Dovenmuehle was ordered to refile the Second Motion, which it did. ECF No. 115.

The McCants argue that the Second MSJ and Standing MTD should be struck because Dovenmuehle is impermissibly trying to circumvent the twenty-five-page limit on dispositive motions. First, they argue that because the Standing MTD attaches deposition excerpts as evidence, it must be converted into a motion for summary judgment—Dovenmuehle's third—under Fed. R. Civ. P. 12(d). Under that view, Dovenmuehle has had one hundred pages of dispositive briefing. The McCants further argue that the three summary judgment motions are duplicative because they all center around damages. The McCants further cite to cases and local rules from other districts where successive, duplicative, and long summary judgment motions were struck.

Dovenmuehle responds that neither Western District of Texas Local Rule CV-7 nor the Scheduling Order restrict the *number* of dispositive motions. Dovenmuehle further argues that it received leave of court for the Second MSJ and needed extra motions and pages because of the complexity and factual intensity of the case. Dovenmuehle responds to the McCants' case citations as irrelevant because they are from other districts with other rules. Finally, Dovenmuehle argues that the Standing MTD is not a third MSJ because courts deciding subject matter jurisdiction may consider the complaint supplemented by undisputed facts evidenced in the record. Because subject matter jurisdiction can be asserted at any time, Dovenmuehle argues that separate leave was not required for the standing MTD.

The Court, in its exercise of its discretion to control its docket, has decided that it will not strike the Second MSJ or the Standing MTD. Starting with the Second MSJ, the McCants cannot

overcome the fact that the Court previously granted Dovenmuehle leave to file this motion. The McCants are effectively asking the Court to reconsider its previous decision, yet they identify no basis to do so. Without such basis, the Court will stand by its initial order granting leave.

Turning to the Standing MTD, the McCants' arguments rest on a fundamentally flawed foundation. The McCants' basic premise is that the standing MTD is actually a third MSJ. But their position contradicts the text of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d), on which the McCants rely, states, "If, on a motion *under Rule 12(b)(6) or 12(c)*, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." (emphasis added). But an attack on standing is an attack on the Court's subject-matter jurisdiction, which is a Rule 12(b)(1) motion. *See Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 160 (5th Cir. 2016) ("But whether [certain issues] are questions of standing *properly raised in a Rule 12(b)(1) motion* [or questions properly raised in a Rule 12(b)(6) motion], our standard of review is de novo.") (emphasis added). The Standing MTD's text further confirms that it is a Rule 12(b)(1) motion. *See* ECF No. 107 at 6. Thus, the Scheduling Order's limitations do not apply.

Even if the Standing MTD were a third MSJ, the Court would still exercise its discretion to permit filing. Lack of subject-matter jurisdiction is a serious concern; it could potentially be raised *sua sponte* at the Fifth Circuit or the Supreme Court and lead to a total undoing of everything that has been done in this Court. *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 820 (5th Cir. 2022). The Court prefers not to paper over such fundamental questions using procedural limitations on page limits or successive motions. The standing question raised by Dovenmuehle shall be addressed on the merits.

The motion to strike is **DENIED.**

**SIGNED** this 24th day of October, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE