UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DANIEL EUGENE MCCANTS SR., TRACY KNOX MCCANTS,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**DOVENMUEHLE MORTGAGE, INC., VILLAGE CAPITAL & INVESTMENT LLC,**<br><br>**Defendants.** | CIVIL NO. W-21-CV-00129-DTG |

## ORDER DENYING MOTION TO DISMISS FOR LACK OF STANDING

Before the Court is defendants Dovenmuehle Mortgage, Inc. and Village Capital & Investment LLC's (collectively, "Dovenmuehle") Motion to Dismiss for Lack of Standing. ECF No. 107. Plaintiffs Daniel Eugene McCants Sr. and Tracy Knox McCants (collectively, "the McCants") oppose, ECF No. 137, and Dovenmuehle replies, ECF No. 150. After a careful consideration of the parties' briefing, the applicable law, and the relevant facts, the Court **DENIES** the motion for the reasons stated below.[1]

---

[1] As a threshold matter, the McCants argue that the Motion should be treated as a motion for summary judgment and either stricken or denied. ECF No. 137 at 2–4. Whether this Motion is a Rule 12(b)(1) or Rule 56 motion matters because of the different standards and burdens involved. *See id.* at 4. By denying ECF No. 116, the Court already rejected the McCants' Rule 12(d) argument. The McCants also cite to *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981). *Williamson* was a suit under the securities laws; defendants challenged whether the joint venture interests being sued over were "securities" under those laws. *See id.* at 416. The *Williamson* court held that "[w]here the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* at 415. But—as the McCants themselves argue—the existence of an injury in fact for standing is a different issue than the existence of actual damages. *See* ECF No. 137 at 6. Dovenmuehle is therefore not challenging the existence of a federal cause of action. *See also Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022). Thus, *Williamson* does not apply, and the Court treats this Motion as a Rule 12(b)(1) motion.

Article III of the Constitution limits the subject-matter jurisdiction of the federal courts to those cases and controversies that possess "the irreducible constitutional minimum of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). The party seeking to establish standing "must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). A harm is concrete if "plaintiffs have identified a close historical or common-law analogue for their asserted injury," an inquiry which focuses on similarities in kind, not degree. *Id.* at 2204; *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 822 (5th Cir. 2022). The mere existence of a statutory violation is insufficient to confer standing—plaintiff must show concrete harm from the violation. *TransUnion*, 141 S. Ct. at 2205.

Dovenmuehle argues that the various categories of damages and harms the McCants allege they suffered are insufficient for standing. Dovenmuehle alleges that the McCants' emotional distress, medical conditions, credit damage, bankruptcy filings, and return to work (for Mr. McCants) would all have occurred no matter what due to the McCants' personal and financial difficulties. Thus, in Dovenmuehle's view, these injury categories are not fairly traceable to Dovenmuehle. The McCants also pled economic damages from attorney's fees related to the loss mitigation process and multiple bankruptcy petitions. Dovenmuehle cites *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833 (Fed. Cir. 2014) (per curiam), for the proposition that litigation fees and expenses are not actual damages under RESPA. Finally, Dovenmuehle argues that the McCants lack standing for their common law claims because those claims are based on allegedly "speculative allegation[s] that the loan modification was not valid and that [the McCants'] loan is

'technically' in default." ECF No. 107 at 19. In its reply, Dovenmuehle also emphasizes the Fifth Circuit's *Perez* decision.

The McCants respond that concrete injuries in fact for standing purposes are a separate concept from damages. ECF No. 137; *see Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 168–69 (5th Cir. 2016). The McCants fault Dovenmuehle's citations as not controlling and/or irrelevant for failure to mention Article III standing. On the merits, the McCants argue that Dovenmuehle's theory of causation would mean no plaintiff could ever recover for emotional distress under RESPA, as only the financially distressed would apply for loss mitigation. The McCants further argue that the causation and amount of their economic and credit damages are a fact issue. Finally, the McCants distinguish the caselaw Dovenmuehle cited regarding the common law claims.

After consideration of these arguments, the Court denies the motion. As a threshold matter, the Court agrees with the McCants that Dovenmuehle is confusing injury in fact with damages. *See Rideau*, 819 F.3d at 168–69. First, with regards to emotional distress, although the McCants may have faced other stressors, perhaps more impactful ones at that, at least some portion is attributable to the alleged mishandling of the loss mitigation applications. That is enough to constitute a concrete injury in fact fairly traceable to Dovenmuehle. Also, the McCants' allegations of injury through attorney's fees related to the separate Chapter 7 and Chapter 13 bankruptcy proceedings constitutes a concrete injury in fact. *See Hurst v. Caliber Home Loans, Inc.*, 44 F.4th 418, 423–24 (6th Cir. 2022) (holding that costs incurred in fighting a separate foreclosure proceeding sufficed for Article III standing). Each of these bases independently gives rise to standing for all the McCants' statutory claims. Finally, as to the common law claims, it is practically tautological that the McCants' fraud and negligent misrepresentation claims bear a close relationship to the harms of fraud and negligent misrepresentation, both of which have traditionally been recognized

as providing a basis for lawsuits in American courts. *See TransUnion*, 141 S. Ct. at 2204. The McCants' allegations that they dismissed their Chapter 13 bankruptcy case in reliance on Dovenmuehle's fraudulent or negligent statements is sufficient as an allegation of concrete harm fairly traceable to Dovenmuehle.

The motion to dismiss is **DENIED.**

**SIGNED** this 24th day of October, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE