UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DANIEL EUGENE MCCANTS SR., TRACY KNOX MCCANTS,** § § § | |
| **Plaintiff,** § § | |
| v. § § | CIVIL NO. W-21-CV-00129-DTG |
| **DOVENMUEHLE MORTGAGE, INC., VILLAGE CAPITAL & INVESTMENT LLC,** § § § § | |
| **Defendants.** | |

### ORDER DENYING IN PART, GRANTING IN PART DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT (ECF NO. 115), AND DENYING ECF NOS. 131, 132, 135, AND 160

Before the Court is (1) Defendants Second Motion for Summary Judgment (ECF No. 115), filed June 30, 2023, seeking resolution as a matter of law in Defendants' favor of Counts III–VII of Plaintiffs' complaint. Plaintiffs responded to the motion for summary judgment on August 4, 2023. ECF No. 136. Defendants replied in support of their motion on August 21, 2023. ECF No. 152.

Also before the Court are several interrelated evidentiary motions pertaining to the summary judgment record: (2) ECF No. 131 - Plaintiffs' Motion to Strike Certain Paragraphs of and Portions to Charles Portman; (3) ECF No. 132 - Plaintiffs' Motion to Strike Certain Paragraphs of and Portions to Charles Portman; and (4) ECF No. 135 - Plaintiffs' Motion to Strike Declaration of Jennifer Zitting and Exhibits Thereto, Including Affidavit of Jason Madison at ECF 114, Ex. C., and (5) ECF No. 160 - Plaintiffs' Motion for Leave to File Plaintiffs' Sur-Reply in Opposition to Defendants' Second Motion for Partial Summary Judgment.

All motions have been fully briefed, and the Court heard oral arguments on October 19, 2023. After a careful consideration of the briefing, the applicable caselaw, and arguments of counsel, the Court hereby **DENIES IN PART, GRANTS IN PART** the motion for summary judgment for the reasons orally stated on the record. The Court hereby **DENIES** the evidentiary motions for the reasons orally stated on the record. This Order memorializes and summarizes those oral rulings.

### 1. Defendants' Second Motion for Summary Judgment (ECF No. 115)

In ECF No. 115, Defendants seek to dismiss counts III through VII of Plaintiff's Complaint. The Court addresses each in turn: Real Estate Settlement Procedures Act ("RESPA") (Count III), Fraud claim (Count IV), Fraud in a Real Estate Transaction claim (Count V), Negligent Misrepresentation (Count VI) and Actual and Exemplary/Punitive Damages claim (Count VII.).

#### a. Count III

Plaintiffs' Count III centers on 12 CFR § 1024.35 of Regulation X, which prohibits dual-tracking and governs error resolution procedures and permits borrowers to submit written notices of servicing errors to a servicer, and damages owed pursuant to 12 U.S.C. § 2605. Defendants move for summary judgment on the basis that there is no private right of action under Section 1024.35 and Section 1024.36 of RESPA. However, the Fifth Circuit has held that "Section 1024.41(g) prohibits dual tracking, and 1024.41(a) expressly provides for a private right of action in the event the lender violates the provision." *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016). Defendants also moved for summary judgment that plaintiff suffered no recoverable damages. However, "RESPA allows for fees and expenses in addition to actual damages." *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 837 (5th Cir.

2014) (citing 12 U.S.C. § 2605(f)). Finally, Defendants argue that the Court can resolve the Regulation X claim as a matter of law on summary judgment. However, Plaintiffs argue Dovenmuehle failed to conduct a reasonable investigation into whether Plaintiffs' 2019 Application was complete before Defendants posted Plaintiffs' home for foreclosure. ECF. No. 57 at ¶312 (pp. 56–57). This is a triable fact issue for which a reasonable juror could find for plaintiff. Thus, Defendant's Motion for Summary Judgment as to Count III is **DENIED**.

### b. Count IV

Plaintiffs' Count IV pertains to common law fraud. Plaintiff acknowledges in its complaint that a fraud claim must be based on a material, false representation that, when it "was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; the speaker made the representation with the intent that the other party should act upon it." ECF No. 57 at 65 (citing *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex.2011)). The closest that plaintiff comes to identifying such a statement, however, is that plaintiff allege "On December 8, 2021, Defendants represented that Village Capital owned the loan by sending Plaintiffs' the Modification Offer and directing Plaintiffs to sign same." ECF 57 at 65 (¶351) [Second Amended Complaint]. Even if false, plaintiff has not identified any evidence that would support the necessary scienter requirements for this to be a fraudulent misrepresentation. Thus, Defendants' Motion for Summary Judgment as to Count IV is **GRANTED**.

### c. Count V

Plaintiffs' Count V alleges a claim under the Texas Business & Commerce Code for fraud "in a transaction involving real estate." Tex. Bus. & Com. Code § 27.01(a). A Texas real-estate fraud statute claim requires a "false representation of a past or existing material fact." Tex.

Bus. & Com. Code § 27.01(a)(1). Plaintiff notes that unlike common law fraud, "there is no requirement to prove the defendant made the alleged misrepresentation either knowing it was false or with recklessness to its truth." ECF No. 57 at 67–68 (citing *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 723 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.)). The false representation that plaintiff primarily points to is that "in the December 8, 2021 letter and in other communications, that Village Capital owned the loan, that the McCants had been approved for a loan modification through Village Capital." *Id.* at 68.

Defendants move for summary judgment on the basis that the Fifth Circuit does not recognize a loan transaction as a real estate transaction for §27.01. ECF 115 at 41. Indeed, the Fifth Circuit held that a district court "correctly dismissed [a] statutory fraud claim because § 27.01 'applies only to fraud in real estate or stock transactions,' and '[a] loan transaction, even if secured by land, is not considered to come under the statute.'" *Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 482 (5th Cir. 2013)(citations ommitted). Numerous district courts in the Fifth Circuit have followed *Massey* and only applied §27.01 to transactions involving "the actual conveyance of real estate between the parties." *Renteria v. Pennloma, LLC*, No. 3:17-CV-00358-KC, 2018 WL 4558481, at *9 (W.D. Tex. Sept. 14, 2018); *see also, e.g.*, *Manrique v. Bank of Am. Corp.*, No. 1:15-CV-47, 2015 WL 12743608, at *1, 7 (S.D. Tex. Oct. 23, 2015) (§ 27.01(a)(1), does not apply to refinancing dispute). Plaintiffs cite no cases applying § 27.01 to a loan modification. The Court has no basis to distinguish or not follow *Massey*. Thus, Defendants' Motion for Summary Judgment as to Count V is **GRANTED**.

### d. Count VI

Plaintiffs' Count VI states a claim under the Texas state law doctrine of negligent misrepresentation, which includes the element that "the defendant did not exercise reasonable care or

4

competence in obtaining or communicating the information." *See* ECF No. 115 at 39 (citing *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 242 (5th Cir. 2014)). Plaintiffs' argument is that Defendants did not exercise reasonable care or competence when they allegedly "offered Plaintiffs the Modification Offer on December 8, 2021, seven days after the transfer of the ownership of the loan to RMTP effective as of December 1, 2021, and therefore Village Capital did not own the loan at the time the Modification Offer was made." ECF No. 57 at¶ 352.

Defendants' substantive argument in response is that "that the modification offer was sent on November 29, 2021, before the effective date of the Mortgage Sale Agreement," ECF No. 115 (citing "Exhibit C-4" and "Exhibit C-9"). However, the Court's review of these exhibits found nothing indicating the modification offer was sent on November 29 or that establishes conclusively Village Capital owned the loan at the time of the Modification Offer. Nonetheless, in its briefing and at the hearing on the motion, plaintiff's counsel was unable to articulate any injury that was cause by the information that was communicated other than worry to plaintiffs. Therefore, there is no case or controversy to be adjudicated on this count, and therefore, Defendants' Motion for Summary Judgment as to Count VI is **GRANTED**.

      e. **Count VII**

Plaintiffs Count VII states plaintiff's claim to actual, exemplary, and punitive damages. The Court will **DENY** Defendants' Motion for Summary Judgment as to Count VII. Some of Plaintiffs' claims, such as the RESPA claims of Count III described above, have survived summary judgment motions by Defendants. Therefore, Plaintiffs may be entitled to damages articulated in Count VII.

      **2. ECF No. 131 and-132 Plaintiffs' Motion to Strike Certain Paragraphs of and Portions to Charles Portman Declaration**

Plaintiff seeks to strike portions of the declaration Defendants submitted by one of its employees—Charles Portman—and various exhibits attached to the declaration. The evidence challenged relates to letters Defendant seeks to use to prove that Plaintiffs did not submit the requested documents and information to make their loss mitigation application facially complete or complete. Plaintiff's two main basis for exclusion of the evidence cited above are that (1) Mr. Portman's declaration is not based on personal knowledge, and (2) that Mr. Portman is not qualified to testify as a custodian of records such that the exhibits attached cannot come into evidence under the Business Records Exception.

Plaintiffs move to strike certain paragraphs of Portman's Declaration alleging that Portman does not have personal knowledge of the content in the declaration and that Portman's testimony is hearsay that does not fall within the business records exception to hearsay. They argue it is not enough that a witness includes boilerplate language that the factual statements in his affidavit are based on personal knowledge; "the affiant must provide the district court with sufficient information to allow the latter to conclude that the affiant's assertions are indeed based on such knowledge." *Meadaa v. K.A.P. Enterprises, L.L.C.,* 756 F.3d 875, 881 (5th Cir. 2014).

Plaintiffs attempt to require the Declarant to have extensive personal knowledge about every single document within his custodian affidavit. This goes beyond what the Court understands the law to require. Mr. Portman is not required to have detailed knowledge of the loss mitigation process to authenticate the exhibits attached to his declaration. There "is no requirement that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy," and to qualify as a witness, the affiant must simply "explain the record keeping system of the organization and vouch that the requirements of Rule requirements of Rule 803(6) are met" *PNC Bank N.A. v. Ruiz*, No. 22-50584, 2023 U.S. App. LEXIS 11505, at *8 (5th

Cir. May 10, 2023). Those requirements have been satisfied here, and the Court will **DENY** the Motion.

### 3. ECF No. 135 - Plaintiffs' Motion to Strike Declaration of Jennifer Zitting and Exhibits Thereto, Including Affidavit of Jason Madison at ECF 114, Ex. C.

Plaintiffs seek to strike the declaration of Jennifer Zitting, who Plaintiffs claim was only disclosed when this declaration was submitted, and not identified in Defendants' initial disclosures. Plaintiffs also claim that Ms. Zitting lacks personal knowledge and that her testimony is based on inadmissible hearsay. They also allege that the exhibits attached to the Declaration are inadmissible for failing to satisfy the business records exception to the hearsay rule in Fed. R. Evid. 803(6).

The Court has reviewed the materials that Plaintiffs seek to strike and the Court finds that they are not inadmissible hearsay. Ms. Zitting has a sufficient basis to provide the declaration, and her lack of disclosure during discovery was not necessary as she is a custodian of records and nothing about that is prejudicial to Plaintiffs. The Motion is **DENIED**.

### 4. ECF No. 160 - Plaintiffs' Motion for Leave to File Plaintiffs' Sur-Reply in Opposition to Defendants' Second Motion for Partial Summary Judgment.

Plaintiffs were granted leave to file in excess of the page limits for this summary judgment briefing. *See* ECF No. 99 (granted by text order of May 24, 2023). Plaintiff's motion for a sur-reply is **DENIED** because Plaintiff has already briefed these issues extensively, and all of the arguments raised within the sur-replies were, or could have been, raised in Plaintiff's response. No specific new arguments have been identified. As such, the Motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Second Motion for Summary Judgement, ECF No. 115, is **DENIED** as to Counts III and IV of Plaintiffs' Complaint. It

is otherwise **GRANTED** as to Counts IV, V, and VI of Plaintiff's Second Amended Complaint, ECF No. 57. In the Court's judgment, there is no fact issue pertaining to Counts IV, V, and VI of Plaintiff's complaint, and **JUDGMENT IS RENDERED** in Defendant's favor as to Counts IV, V, and VI of Plaintiff's Second Amended Complaint, ECF No. 57.

ECF No. 131 and ECF No. 132 are **DENIED**.

ECF No. 135 is **DENIED**.

ECF No. 160 is **DENIED**.

**SIGNED** this 26th day of October, 2023

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE