# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **DANIEL EUGENE MCCANTS SR., TRACY KNOX MCCANTS,** § § § § | |
| **Plaintiff,** § § | **CIVIL NO. W-21-CV-00129-DTG** |
| v. § § | |
| **DOVENMUEHLE MORTGAGE, INC., VILLAGE CAPITAL & INVESTMENT LLC,** § § § § | |
| **Defendants.** | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT (ECF No. 98), MOTIONS FOR LEAVE TO FILE SUR-REPLY (ECF No. 125 and 145) AND MOTIONS TO STRIKE EVIDENCE (ECF Nos. 109 and 122)

Before the Court are several interrelated motions: (1) Defendants' First Motion for Partial Summary Judgment (ECF No. 98), (2) Plaintiff's Motion for Leave to File a Sur-Reply (ECF No. 125), and motions to strike related evidence from both sides: (3) Plaintiffs' Motion to Strike Portions of Portman Declaration filed in Support of Defendants' First Motion for Partial Summary Judgment (ECF No. 109), and (4) Defendants' Motion to Strike Portions of Plaintiffs' Appendix in Support of Plaintiffs' Opposition to Defendants' First Motion for Partial Summary Judgment (ECF No. 122). Plaintiffs also filed a Motion for Leave to file a Sur-Reply to its Motion to Strike (ECF No. 145). All of the motions have been extensively briefed, and the Court heard oral arguments on October 19, 2023. After a careful consideration of the briefing, the applicable caselaw, and arguments of counsel, the Court hereby **DENIES** all six motions for the reasons orally stated on the record. This Order memorializes and summarizes those rulings.

**1. Defendants' First Motion for Partial Summary Judgment (ECF No. 98)**

Plaintiffs ("McCants") are asserting claims against Defendants Dovenmuehle Mortgage, Inc. ("DMI") and Village Capital & Investment LLC ("VCI") for violations to the Real Estate Settlement Procedures Act ("RESPA") and Texas Debt Collection Act ("TDCA"). Dovenmuehle Mortgage, Inc. ("DMI") and Village Capital & Investment LLC ("VCI"). Plaintiffs allege that Defendants engaged in "dual-tracking" by attempting to foreclose on Plaintiffs' real property, while Plaintiffs' 2019 loan modification application was still under review. Plaintiffs also allege that Defendants failed to provide review and provide a decision on their second loan modification application within 30 days. Plaintiffs seek attorney fees, damages, penalties, punitive damages and exemplary damages under RESPA, TDCA and sections 41.003(a) and 41.001(5) of the Texas Civil Practice and Remedies Code. The foreclosure never happened, Plaintiffs filed a and Plaintiffs eventually modified the loan on December 21, 2021.

Defendants argue that Plaintiffs' RESPA claims fail as a matter of law for three reasons: (1) Plaintiffs failed to timely submit a complete loss mitigation application within 37 days prior to the scheduled foreclosure sale, thus, the duties imposed by §1024.41(f) are inapplicable (2) Since the property was never foreclosed, Plaintiff suffered no actual damages, and (3) Plaintiff's second loss mitigation application that was submitted in 2021 falls outside the scope of relief because Defendants were only obligated to comply *once* for a single loss mitigation application.

Plaintiffs' RESPA claims rise and fall on whether a complete or "facially" completed loss mitigation application was submitted more than 37 days before a foreclosure sale. If it was, "dual tracking" is prohibited and actionable under RESPA's Regulation X. The foreclosure was to take place on May 7, 2019; 37 days prior would be March 31, 2019. Plaintiffs say they submitted a complete application on February 26, 2019, or in the alternative, a "facially complete" application was submitted when additional materials were sent on March 25, 2019. Defendants

provide their own facts arguing that a complete application was submitted on May 17, 2019. There are genuine disputes about when a complete (or "facially complete") application was submitted, and Defendants have accordingly failed to demonstrate that there is undisputed evidence that entitles it to judgment as a matter of law on Plaintiffs' RESPA claim. This is a dispute that must be resolved by the jury. *See Sandra Walker v. PHH Mortgage Corp.,* No. 22-CV-23276, 2023 WL 6621201, at *12 (S.D. Fla. Oct. 11, 2023). ("The Court finds that whether Plaintiff's LMA was rendered facially complete is a genuine dispute of material fact, and Defendant is accordingly not entitled to judgment as a matter of law…").

Defendants have also failed to show that Plaintiffs have not sustained *any* actual damages. Plaintiffs have submitted proof that it hired an attorney in response to Defendants' actions, who drafted letters to, and made several phone calls with, Defendants. At least one other Court agrees that these actions create a genuine issue of material fact on damages. *See Id*., at *17 ("Whether Plaintiff is entitled to actual damages is a genuine dispute of material fact".) Plaintiff established that she retained attorneys and incurred related costs after Defendant.

Plaintiffs' TDCA claims rise and fall with its RESPA claim. Plaintiffs claim that Defendants violated Section 392.301(a)(8) of the Texas Finance Code by "threatening to take an action prohibited by law." But, for the reasons discussed above, a genuine issue of material fact exists about whether Defendants' action violated RESPA, and therefore, a genuine issue of material fact exists regarding violations of the Texas Finance Code.

For these reasons, the Court **DENIES** the Motion for Summary Judgment on Plaintiff's RESPA and TDCA claims.

    **2. Plaintiffs' Motion to Strike (ECF No. 109)**

Plaintiffs move to strike various portions of Mr. David Portman's Declaration and attached exhibits filed in support of the First Motion for Summary Judgment.  Plaintiffs claim Mr. Portman lacks personal knowledge for lacking "first-hand personal experience" to describe the events in the declaration, and the exhibits don't qualify for the business records exception, Fed. R. Evid. 803(6).  After a review of the materials at issue, the Court is confident that the exhibits would be admissible at trial under, at least, the business record and public records exceptions.  As for Mr. Portman's statements, as a custodian declarant, he is not required to have personal knowledge of *every* aspect of what happened at Defendants' company as it pertained to Plaintiffs.  He is the "Assistant Secretary" at DMI, and in that role, he is qualified to submit the declaration.  Plaintiffs' Motion is hereby **DENIED**.

### 3. Defendants' Motion to Strike (ECF No. 122)

Defendants seek to strike the declaration of Plaintiffs' Bankruptcy lawyer, Erin Shank for claiming the loan modification was stressful and required money to undertake a response without providing the underlying evidence of missing wages, traveling expenses, and the like discussed in the declaration. Defendants' Motion for Summary Judgment on damages has been denied on other grounds, and Plaintiffs and Ms. Shank will be able to testify at trial on the damages amassed as a result of Defendants' alleged illegal actions.  Defendants' Motion is therefore **DENIED**.

### 4. Plaintiffs' Motions for Leave to File Sur-Replies (ECF Nos. 125 and 145)

Plaintiff filed two Motions for Leave to File Sur-Replies, but all of the arguments raised within the sur-replies were, or could have been, raised in Plaintiff's response.  No specific new arguments have been identified.  As such, the Motions are **DENIED**.

**SIGNED** this 26th day of October, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE