UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DANIEL EUGENE MCCANTS SR., TRACY KNOX MCCANTS,** § § § | |
| **Plaintiff,** § § | |
| v. § | **CIVIL NO. W-21-CV-00129-DTG** |
| **DOVENMUEHLE MORTGAGE, INC., VILLAGE CAPITAL & INVESTMENT LLC,** § § § § § | |
| **Defendants.** | |

## ORDER ON MOTIONS PERTAINING TO PUNITIVE DAMAGES

Before the Court are several motions pertaining to Plaintiffs' punitive damages claims: (1) Defendants' Motion to Bifurcate the Trial (ECF No. 171), (2) Plaintiffs' Motion to Compel Production of Net Worth Discovery (ECF 129), and (3) Defendants' Motion to Stay Certain Discovery Requests (ECF No. 153). The motions have been fully briefed, the Court heard oral arguments on October 19, 2023, and issued its rulings orally at the hearing. The Court issues this order to memorialize and summarize its rulings as follows:

**1. Defendants' Motion to Bifurcate the Trial (ECF No. 171)**

Defendants ask this Court to bifurcate the trial and prevent evidence relevant only to the amount of exemplary damages from being presented to the jury until after the jury returns a verdict finding that Defendants are liable for exemplary and punitive damages. Only after the jury makes such a determination, would the jury be called upon to consider evidence relevant only to the issue of the amount of exemplary damages.

Defendants fail to persuade the Court that two trials are necessary. Defendants' sole basis for their motion is that it would be highly and unfairly prejudicial to Defendants because

Plaintiff is seeking discovery of their net worths. Plaintiff provides no specifics about why bifurcation would be necessary, something that is wholly within the Court's discretion under Federal Rule of Civil Procedure 42(b). The Court finds that any bifurcation would be a waste of resources of both this Court and the parties. The evidence and witnesses overlap greatly, and the Court does not find substantial prejudice regarding the presentation of evidence relating to "net worth." The motion to bifurcate is **DENIED**.

### 2. Plaintiffs' Motion to Compel Production of Net Worth Discovery (ECF No. 129)

Plaintiffs seek discovery into Defendants' "net worth," which Defendants have refused to produce. The Court finds that punitive damages are sufficiently pled and remain an issue in this case. As such, Plaintiffs are entitled to at discovery as it pertains to punitive damages and basic information concerning Defendants' net worth should be produced. Plaintiffs' motion to compel production of net worth information is **GRANTED.**

### 3. Defendants' Motion to Stay Certain Discovery Requests (ECF No. 153)

Defendants seek to stay the production of net worth information that Plaintiff moved to compel in Section (2) above. Because the Court granted that Motion, this Defendants' motion to stay that discovery is therefore **DENIED**.

SIGNED this 27th day of October, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE